Chief Justice TOAL.
I respectfully dissent. I would find that Respondent waived his right to insist on counsel by arguing and obtaining a ruling that he was deprived of his right to represent himself in his first trial. In my opinion, such waiver should be assessed on a case-by-case basis; however, the facts of this case warrant a finding of waiver.
*8 Here, Respondent has already received a full and fair trial. However, in his initial trial, Respondent took the position that he desired to represent himself. Pursuant to Indiana v. Edwards,[4], the trial judge decided that Respondent was not capable of representing himself because of his lack of understanding of the complexities inherent in a death penalty case. We reversed on appeal, finding the judge erred in applying the Edwards competency standard to Respondent’s request to waive his right of counsel and proceed pro se. See State v. Barnes, 407 S.C. 27, 37, 753 S.E.2d 545, 550 (2014).
Now that he has been granted a new trial on this basis, Respondent is requesting counsel. In my opinion, he cannot have it both ways. Therefore, I would find that Respondent has waived his right to counsel in his second trial because he already had a trial where he was represented by counsel. See Barnes, 407 S.C. at 35, 753 S.E.2d at 550 (“A South Carolina criminal defendant has the constitutional right to represent himself under both the federal and state constitutions. A capital defendant, like any other criminal defendant, may waive his right to counsel. So long as the defendant makes his request prior to trial, the only proper inquiry is that mandated by Faretta [v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) ].” (internal footnote omitted) (internal citations omitted)). Respondent’s conduct here should be examined for what it is: an effort to manipulate the system and pollute the administration of justice.
For these reasons, I would reinstate Respondent’s prior conviction.

. 554 U.S. 164, 128 S.Ct. 2379, 171 L.Ed.2d 345 (2008).